IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00044-RLV
(5:08-CR-00027-RLV-DCK-3)

| | |
|---|---|
| DAVID OTERO-CAMPOS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Respondent's motion to dismiss Petitioner's pro se motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Respondent's motion to dismiss will be granted.

I.  BACKGROUND

Petitioner and others were charged in a second-superseding bill of indictment with conspiring to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); and one count of possession with intent to distribute in excess of 5 kilograms of cocaine and aiding and abetting the same, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2 (Count Two). (5:08-CR-00027, Doc. No. 122: Second Superseding Indictment). Petitioner elected to enter a straight-up plea to the two charges and his guilty plea was accepted following a Plea and Rule 11 hearing before U.S. Magistrate Judge Carl Horn, III, after the court found that it was knowingly and voluntarily entered.

The U.S. Probation Office prepared a presentence investigation report (PSR) in advance of Petitioner's sentencing hearing. Applying the 2008 version of the U.S. Sentencing Guidelines

1

Manual (USSG), the probation officer calculated a total offense level of 34 after adjusting downward two-levels for acceptance of responsibility,[1] and then applied a two-level enhancement after concluding that a co-defendant possessed a firearm during the course of the drug conspiracy and that this fact was reasonably foreseeable to Petitioner. (Id., Doc. No. 186: PSR). See USSG § 2D1.1(b)(1). After finding a total offense level of 34, and a criminal history category I, Petitioner's Guidelines range was determined to be 151 to 188 months' imprisonment. At sentencing, the Court found, over Petitioner's objection, that the Guidelines calculation was correct and Petitioner was sentenced to the low-end of the Guidelines range. (Id., Doc. No. 222: Judgment). Petitioner appealed the judgment to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner confined his argument to the issue of whether this Court violated his right to due process by enhancing his sentence based on evidence he argued was unreliable. The Circuit Court rejected this argument after concluding that the evidence relied upon at sentencing was sufficiently reliable "to support its probable accuracy." United States v. Otero-Campos, 424 F. App'x 212, 214 (4th Cir. 2011) (unpublished) (citing USSG § 6A1.3(a)). Petitioner's judgment was affirmed and this collateral proceeding follows, and Petitioner's claims will be addressed herein.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

---

[1] The Government informed the probation officer that it would not move for an additional one-level reduction for acceptance under USSG § 3E1.1(b).

The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance

3

prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

1. Ground One

Petitioner first contends that his guilty plea was not knowingly and voluntarily entered because his attorney failed to properly explain the charges or consequences of conviction and that his counsel allowed him to plead guilty while another defendant was also being questioned during his Rule 11 hearing. Petitioner also argues that his inability to read and understand the English language rendered his guilty plea invalid because he did not fully understand the charges against him, the consequences of pleading guilty, or the proceedings related to his guilty plea in open court. (5:12-CV-00044, Doc. No. 1 at 5, 10).

Petitioner appeared with counsel for his Plea and Rule 11 hearing and he was placed under oath and an interpreter, Ms. Gonzalez, was present with him. The court addressed Petitioner and he averred, through his interpreter, that he wished to plead guilty to Counts One and Two in his indictment. Next, the court read from the second superseding indictment and explained the elements of each charge and the possible penalties associated with conviction, including the minimum and maximum terms of imprisonment, and Petitioner averred that he understood the charges and potential penalties.[2] Petitioner acknowledged that he had the right to

---

[2] Petitioner was informed that he faced no less than 10 years nor more than life imprisonment upon conviction on

4

proceed to trial, to have the assistance of counsel, and to summon witnesses to testify in his behalf, and to confront the Government's witnesses. Petitioner further affirmed that he understood that if he chose to go to trial, the Government would have the burden of proving his guilt beyond a reasonable doubt. Petitioner also confirmed that he had discussed any possible defenses with his attorney, that no one had made him any promises of leniency or any particular sentence, and that he was satisfied with the services of his attorney.[3] Petitioner averred that he understood all parts of the Rule 11 hearing and that he still wished to enter his guilty plea and that he had no questions regarding the proceeding. After the court had exhausted its questions, Petitioner reviewed the Acceptance and Entry of Plea form and signed it in open court, and thereby affirmed that the answers that he had given were accurate and true. (Id., Doc. No. 123: Acceptance and Entry of Guilty Plea; Doc. No. 251: Tr. of Plea and Rule 11 Hearing).

Petitioner's contention that he did not understand the charges against him – due to a language barrier or otherwise – or that he was confused because another defendant's plea was taken at the same time is without merit. The transcript of the Plea and Rule 11 hearing makes clear that the court addressed questions to Petitioner individually and Petitioner answered each of the questions through his interpreter and averred that he understood all parts of the proceeding. Additionally, Petitioner confirmed at the outset of his sentencing hearing that he understood the elements of Counts One and Two and the potential penalties and that he still wished to plead guilty, and he admitted that he was in fact guilty and he confirmed, yet again, that he was fully satisfied with the services of his attorney. (5:08-CR-00027, Doc. No. 252: Sent. Tr. at 2).

---

Count One and on Count Two. See 21 U.S.C. § 841(b)(1)(A).

[3] In fact, Petitioner complemented his attorney and remarked that he had done a "good job for me." (Tr. of Plea and Rule 11 Hearing at 19-20).

5

Accordingly, he is bound by the sworn answers that he provided in his Rule 11 hearing and in his Acceptance and Entry of Plea form and by his affirmations before this Court during sentencing. "Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Put another way, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and the district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated . . ." Id. at 221-22 (citing Blackledge v. Allison, 431 U.S. 63, 79 n.19 (1977). See also Blackledge, 431 U.S. at 74 ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.").

For the reasons stated, the Court finds that this ground for relief is without merit.[4]

Petitioner also charges that his counsel was ineffective in failing to properly challenge a

---

[4] Plaintiff's contention that his attorney assured him of a sentence of 46 to 57 months' imprisonment is likewise without merit. During his Rule 11 hearing, the court clearly informed him that he faced no less than 10 years in prison upon conviction on Count One and Count Two; Petitioner averred that he understood the minimum and maximum penalties; and he confirmed that no one, including his attorney, had promised him any particular sentence or leniency. See United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant); United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995).

two-level enhancement for acting in a supervisory capacity during the conspiracy pursuant to USSG § 3B1.1(c). (5:12-CV-0004, Doc. No. 1 at 5, 10). Petitioner contends that he "could not read, write, speak English, count or negotiate" and that he was merely a "laborer" under the direction and control of Garcia-Cortez, a fellow conspirator.

Prior to sentencing, the Government filed an objection to the draft PSR and argued that Petitioner should receive the two-level enhancement because he assumed a leadership role in the drug conspiracy. Specifically, the Government argued that Petitioner's effort to minimize his role in the conspiracy to that of just a courier, or mule, was disingenuous, and there was evidence which demonstrated that Petitioner was captured on a wiretap out of Tampa, Florida, and he appeared to be directing a courier in a drug transaction within the course the conspiracy. (5:08-CR-00027, Doc. No. 180: Government's Objection at 1-2).

During sentencing, the Government presented testimony from Special Agent John Pavlovic from the Immigration and Customs Enforcement (ICE) in an effort to establish a factual basis for the guilty plea and to support its recommended enhancements. The testimony tended to show that Petitioner delivered 10 kilograms of cocaine to Hugo Garcia-Cortez during the course of the conspiracy, and that Petitioner delivered cocaine to him on eight prior occasions for a total delivery of between 35 and 40 kilograms of cocaine. On two of these occasions, Petitioner was accompanied by two bodyguards that Special Agent Pavlovic testified were working for Petitioner.

On cross-examination, Petitioner's attorney closely questioned Special Agent Pavlovic as to the source of his testimony in an effort to discredit the evidence and he vigorously argued against the application of the two-level enhancement. (Id., Doc. No. 252: Sent. Tr. at 35 (defense

7

counsel noting evidence supported role as supplier only)). However, following presentation of the evidence and arguments of counsel, the Court overruled Petitioner's objection after finding that the evidence supported the two-level enhancement for his role as a supervisor in the conspiracy. (Id. at 46).

Petitioner bears the burden of demonstrating that his counsel's challenge to the application of the two-level enhancement was deficient and that he was prejudiced by the deficient performance. See Strickland, 466 U.S. at 687. After considering the cross-examination by Petitioner's counsel and his arguments during sentencing, the Court finds that Petitioner has failed to demonstrate any right to Strickland relief.

2. Ground Four

Petitioner argues here that he is entitled to habeas relief because he instructed his attorney to contact the Mexican Consulate after he was arrested but he failed to do so. (5:12-CV-00044, Doc. No. 1 at 10). Petitioner maintains that if his attorney had contacted the consulate, then Petitioner would have been informed about "the true circumstances of his arrest. This was a clear violation of Article 36 of the Vienna Convention on Consular Relations." (Id. at 19). Furthermore, Petitioner asserts that if he had reached the consulate he would have received accurate information regarding the charges, and the potential penalties. (Id. at 17). This argument fails for two reasons.

First, as the Court found during his sentencing hearing, and again herein, the Petitioner was fully informed of the nature of the charges against him and the potential penalties thus information from the consulate, even assuming it was correct, would at best have been redundant as Petitioner was provided the correct information during his Rule 11 hearing. Accordingly,

Petitioner cannot demonstrate prejudice in this context.

Second, Petitioner had no constitutional right to contact the Mexican Consulate in an effort to seek intervention during his prosecution. See Sanchez-Llamas v. Oregon, 548 U.S. 331, 349 (2006) ("Indeed, Article 36 does not guarantee defendants *any* assistance at all. The provision secures only a right of foreign nationals to have their consulate *informed* of their arrest or detention—not to have their consulate intervene, or to have law enforcement authorities cease their investigation pending any such notice or intervention.") (italics in original). As the Court noted, all persons charged with a crime in this country are entitled to assistance of counsel. Id. at 350 (citing Wong Wing v. United States, 163 U.S. 228, 238 (1896)). "Article 36 adds little to these legal options . . ." Id.

In Petitioner's case, he was provided effective assistance of counsel, and he has failed to demonstrate how he was prejudiced by an alleged failure to notify the Mexican Consulate.

B.      Ground Two

Next, Petitioner complains that he was not afforded a third point for acceptance of responsibility. (5:12-CV-00044, Doc. No. 1 at 5, 15). To the extent that Petitioner couches this claim as one of ineffective assistance of counsel, this claim will be denied.

Petitioner was initially indicted on June 25, 2008, and charged in a superseding bill of indictment on December 16, 2008, and finally, Petitioner was charged in the second superseding bill of indictment on March 17, 2009. Each of these indictments charge Petitioner with the same substantive crimes to which he eventually pleaded guilty, and these are the very crimes that Petitioner had apparently determined to contest at trial prior to changing his plea.

As the Government observes, Petitioner waited nearly nine months following his initial

indictment to enter his guilty plea and during this time the Government was preparing for trial. The Government has discretion in choosing whether to move for an additional one-point reduction. See United States v. Divens, 650 F.3d 343, 347 (4th Cir. 2011) (noting the Government has the authority to determine whether defendant's guilty plea was timely) (citing USSG § 3E1.1(b)).

In the present case, the Government made it clear that it would not move for an additional one-point reduction based, in part, on Petitioner's delay in entering his guilty plea. (Id., Doc. No. 4: Government's Answer at 4). In addition, the Government found that Petitioner had been less than truthful when providing information during the Government's investigation into the drug conspiracy and in his statement which he completed in an effort to obtain a safety valve reduction.[5] See (5:08-CR-00027, Sent. Tr. at 32-33, 43). Moreover, in calculating Petitioner's adjusted offense level, this Court awarded Petitioner a two-level reduction for acceptance of responsibility, albeit with reservations given some of Petitioner's dubious statements concerning his involvement in the conspiracy. (Id. at 46). Thus, Petitioner cannot demonstrate that it was error to deny an additional point reduction and he has failed to demonstrate ineffective assistance on this claim.

Finally, if Petitioner is seeking to rely solely on Government misconduct or trial court error to support his argument, this claim must fail. Petitioner did not raise this issue on direct

---

[5] In order to qualify for a safety valve reduction below a mandatory minimum under USSG § 5C1.2 and 18 U.S.C. § 3553(f), a defendant must establish five things: (1) that he has no more than one criminal history point; (2) the defendant did not commit violence or threatening action or possess a firearm during the charged offense; (3) the offense did not result in the death or serious injury to any person; (4) the defendant did not qualify as an organizer, leader, manager or supervisor, as provided for in the Guidelines, during the commission of the charged offense; and (5) no later than the time of sentencing, the defendant has provided the government with all the truthful information known to him regarding the offense of conviction.

appeal and consequently, he has procedurally defaulted this issue on collateral review. See Massaro v. United States, 538 U.S. 500, 504 (2003) (providing that a petitioner may not raise claims on collateral review unless he can demonstrate both cause and prejudice); Bousley v. United States, 523 U.S. 614, 621 (1998). The denial of an extra one-point reduction was, if anything, occasioned by Petitioner's own conduct in delaying his guilty plea for nearly nine months after his initial indictment, and based on his decision to provide less than truthful statements to the Government.

For the reasons stated, the Court finds that this claim should be denied.

IV.     CONCLUSION

For the foregoing reasons, the Court finds that the claims raised in Petitioner's Section 2255 motion are without merit and accordingly, he is entitled to no relief in this collateral proceeding.[6]

**IT IS, THEREFORE, ORDERED** that:

1.  Respondent's motion to dismiss is **GRANTED**. (Doc. No. 5).

2.  Petitioner's motion requesting response to interrogatories is **DENIED**. (Doc. No. 7).

3.  Petitioner's § 2255 Motion is **DENIED** and **DISMISSED with prejudice**. (Doc. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this Court declines to issues a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of

---

[6] Petitioner filed a motion to compel the Government to respond to interrogatories, however this Court never ordered that discovery should commence so this motion will be denied. See Rule 6 of the Rules Governing Section 2255 Proceedings.

the constitutional claims debatable or wrong).

**IT IS SO ORDERED.**

Signed: January 15, 2015

Richard L. Voorhees
United States District Judge